**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01873-RMR-KAS

FORREST A K WELLS, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

  v.

SEASTAR MEDICAL HOLDING
CORPORATION, ERIC SCHLORFF, and
CARYL BARON,

      Defendants.

---

**RAFFI KHAJERIAN'S OPPOSITION TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUSNEL**

---

i

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as "lead plaintiff" the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). That person or entity is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I). Raffi Khajerian is the movant with the largest financial interest in the outcome of the litigation and that satisfies Rule 23's typicality and adequacy requirements. Therefore, the Court should grant Mr. Khajerian's motion and approve him and his chosen counsel as lead plaintiff and lead counsel, respectively.

Courts in this District typically evaluate financial interests using the following four factors: (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) approximate recoverable losses (the "*Lax* factors"). *Mariconda v. Farmland Partners,* No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411, at *10 (D. Colo. Dec. 3, 2018); *see also Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997). When using these factors to evaluate the movants' respective financial losses, it is clear that Mr. Khajerian possesses the "largest financial interest" in the outcome of the litigation.

As the following table demonstrates, Mr. Khajerian possesses the largest financial interest in the Action under all four *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Raffi Khajerian | 1,508,872 | 1,000,000 | $1,164,635.82 | $473,539.45 |
| Doug Lage and Jose Lazo | 6,090 | 6,047 | $158,519.48 | $90,821.00 |
| Dr. Joshua Burton | 356 | 356 | $41,511.15 | $37,556.21 |
| Thomas Halter | 360 | 360 | $9,900.00 | $8,708.26 |
| Gregory Conklin | 201 | 189 | $3,688.16 | $1,576.31 |

*See* ECF Nos. 6-2, 8-2, 10-3, 12-3, and 13-2.

With *over four times more* losses than the next closest movant group, Doug Lage and Jose Lazo, there can be no dispute that Mr. Khajerian holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Khajerian has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Cooke v. Equal Energy Ltd.*, 14-cv-0087-C, 2014 WL 3819159, at *2 (W.D. Okla. May 8, 2014). Mr. Khajerian is typical of the other class members insofar as he acquired SeaStar Medical Holding Corporation ("SeaStar" or the "Company") securities between October 31, 2022 and March 26, 2024, both dates inclusive (the "Class Period") and was damaged as a result. Mr. Khajerian does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, is ideally suited to serve as the lead plaintiff given his 20 years of investing experience. *See* ECF No. 8-4.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Khajerian is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut

this presumption with proof that Mr. Khajerian is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Khajerian respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The Process for Appointing a Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). "The PSLRA instructs district courts to appoint as lead plaintiff the class member that 'it determines to be most capable of adequately representing the interests of class members,'" presumptively the movant "who has the greatest financial stake in the outcome of the case, *so long as he meets the requirements of Rule 23*". *In re Bard Assocs., Inc.,* No. 09-6243, 2009 U.S. App. LEXIS 26289, at *2 (10th Cir. Dec. 2, 2009) (emphasis in original).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests

of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Meyer v. Paradigm Med. Indus.,* 225 F.R.D. 678, 683 (D. Utah 2004). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

If the movant with the "largest financial interest" either fails to "satisf[y] the requirements of Rule 23" or is otherwise at risk of being "subject to a unique defense[]" such that the presumption of "most adequate plaintiff" is rebutted, then that movant is disqualified and the analysis is performed again beginning with the movant with the next "largest financial interest" in the litigation. *See Kapur v. USANA Health Scis., Inc.,* No. 2:07CV177DAK, 2007 U.S. Dist. LEXIS 77258, at *5 (D. Utah Oct. 17, 2007) (""[A] district court should 'examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order'" if the presumptively most capable plaintiff is inadequate or atypical.) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

### B.    <u>Financial Interest is Measured Using Four Factors</u>

When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest and then decide whether they have met the adequacy and typicality requirements of Rule 23. 15 U.S.C. §78u-4 (a)(3)(B)(iii)(I)(bb). Courts within this District recognize that "there appears to be a clear weight of authority favoring the four-factor *Lax* test…and when applying this test, courts typically use the "last in, first out" ("LIFO") or "first in, first out" ("FIFO") method to calculate losses on the sale of securities, although the former is greatly preferred." *Mariconda,* 2018 U.S. Dist. LEXIS 204411, at *10; *see also In re Molson Coors Brewing Co. Sec. Litig.*, Nos. 19-cv-00455-DME-MEH;. 19-cv-00514-DME-MEH,

2019 U.S. Dist. LEXIS 233315, at *7 (D. Colo. Oct. 3, 2019). The four *Lax* factors are (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered, with the fourth factor, the approximate loss suffered, being the most significant. *Mariconda*, 2018 U.S. Dist. LEXIS 204411 at *10; *see also Lax v. First Merchants Acceptance Corp.,* No. 97-cv-2715, 1997 U.S. Dist. LEXIS 12432, at *18 (N.D. Ill. Aug. 11, 1997).

When comparing the movants' respective financial interest under the *Lax* factors, it is clear that Mr. Khajerian possesses the largest financial interest in the litigation, as demonstrated in the below table:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Raffi Khajerian | 1,508,872 | 1,000,000 | $1,164,635.82 | $473,539.45 |
| Doug Lage and Jose Lazo | 6,090 | 6,047 | $158,519.48 | $90,821.00 |
| Dr. Joshua Burton | 356 | 356 | $41,511.15 | $37,556.21 |
| Thomas Halter | 360 | 360 | $9,900.00 | $8,708.26 |
| Gregory Conklin | 201 | 189 | $3,688.16 | $1,576.31 |

*See* ECF Nos. 6-2, 8-2, 10-3, 12-3, and 13-2.

As compared to Doug Lage and Jose Lazo, Mr. Khajerian purchased over *1.5 million more* gross shares, retained *993,953 more* net shares, expended *over $1 million more*, and lost $473,539.45 – over *five times* more money than Doug Lage and Jose Lazo lost on their SeaStar shares. Accordingly, Mr. Khajerian has the largest financial interest in this matter.

### C.    Mr. Khajerian Satisfies Rule 23's Typicality and Adequacy Requirements

Not only does Mr. Khajerian possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and

5

adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

The typicality requirement is satisfied "so long as the claim of the class representative and class members are based upon the same legal or remedial theory." *In re Crocs, Inc. Sec. Litig.,* No 07-cv-2351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at \*7-8 (D. Colo. Sept. 17, 2008); *see also In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) (The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). Mr. Khajerian's claims are typical of those of other class members because, like other class members, he purchased SeaStar securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. *See* Memorandum in Support of Motion, *See* ECF No. 7 at p. 9. Moreover, Mr. Khajerian's claims are based on the same legal theory and arise from the same events and course of conduct as the class's claims. *Armbruster v. Gaia, Inc.,* Civil Action No. 22-cv-03267-NYW-STV, 2023 U.S. Dist. LEXIS 49705, at \*8 (D. Colo. Mar. 23, 2023).

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Khajerian must make a preliminary showing of: "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Wolfe v. Aspenbio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011). Mr. Khajerian resides in Northridge, California and has been investing in the stock market for 20 years. *See* Mr. Khajerian's Declaration, ECF No. 8-4. He is currently self-employed and the owner of a real estate company for which he manages properties. *Id.* Moreover, Mr. Khajerian has selected Levi & Korsinsky, LLP as his counsel, a firm that is

qualified, experienced, and able to conduct the litigation. *See* Levi & Korsinsky firm resume, ECF No. 8-5. This will ensure the vigorous and adequate prosecution of the class's claims. *In re Ribozyme Pharm. Sec. Litig.,* 192 F.R.D. 656, 659 (D. Colo. 2000); *see also City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Khajerian has no conflicts with other class members. *See* ECF No. 7 at p. 10; *In re Ribozyme,* 192 F.R.D. at 659. Moreover, not only is there no evidence of any antagonism between Mr. Khajerian's interests and those of the class, but Mr. Khajerian has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Burnham,* 2020 U.S. Dist. LEXIS 206752, at *6-7.

Mr. Khajerian, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Khajerian is entitled to the presumption that he is the "most adequate plaintiff[s]" and that he should be appointed as lead plaintiff. 15 U.S.C §78u-4(a)(3)(B)(iii)(II). This presumption may be rebutted only upon proof by a class member that Mr. Khajerian "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §78u-4(a)(3)(B)(iii)(II); *Wolfe*, 275 F.R.D. at 628.

The competing lead plaintiff movants can only rebut the presumption with ***actual proof*** that Mr. Khajerian is atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *In re Molycorp, Inc. Sec. Litig.*, Civil Action No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *5-6 (D. Colo. May 29, 2012) ("Th[e] presumption can be rebutted with proof that the movant is either atypical or inadequate. However, ***speculation*** that a movant may be either atypical or inadequate ***will not defeat*** the PSLRA's most adequate plaintiff presumption.") (citing *In re Cavanaugh,* 306

F.3d 726, 729 (9th Cir. 2002)); *see also Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"). The other movants have not and cannot do this.

## III.    CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Khajerian respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky, LLP as Lead Counsel for the Class.

Dated: September 27, 2024                 Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Raffi Khajerian and Proposed*
*Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

9