THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01873-RMR-TPO

FORREST A K WELLS, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

SEASTAR MEDICAL HOLDING CORPORATION,
ERIC SCHLORFF, and
CARYL BARON,

    Defendants.

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Defendants SeaStar Medical Holding Corporation ("SeaStar"), Eric Schlorff, and Caryl Baron (collectively, "Defendants"), through undersigned counsel, hereby respectfully request that the Court consider and take judicial notice of the contents of the documents attached to the Declaration of Nicole K. Serfoss ("Serfoss Declaration") filed in support of Defendants' Motion to Dismiss Amended Class Action Complaint (the "Motion to Dismiss"), filed concurrently herewith.[1]

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), on May 2, 2025, counsel for Defendants conferred in good faith with opposing counsel regarding this request. Opposing counsel stated that they could not, prior to reviewing the Motion to Dismiss, either consent to or oppose the relief sought herein with respect to any documents, and reserved all rights.

## I. STANDARD

The Amended Class Action Complaint (Dkt. No. 29) (the "Complaint" or "AC") asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. It is well settled that, in adjudicating motions to dismiss such claims, courts "'must consider the complaint in its entirety, as well as other sources,'" including 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Courts may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (same).

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF THE DOCUMENTS CONTAINING THE CHALLENGED STATEMENTS (EXHIBITS A–P).

Lead Plaintiff Raffi Khajerian ("Plaintiff") alleges that Defendants are liable for securities fraud for making two categories of allegedly false or misleading statements: the "HDE Statements" and the "Accounting Statements" (collectively the "Challenged Statements"). The documents containing the Challenged Statements are central to Plaintiff's claims and the Complaint quotes them extensively. *See* AC ¶ 173, *et seq.* The Court thus may take judicial notice of these documents and consider them in deciding the Motion to Dismiss. *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (holding that if a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be

2

considered on a motion to dismiss"). Also, SeaStar filed many of these documents with the Securities Exchange Commission ("SEC"), also permitting judicial notice. *See Smallen v. The W. Union Co.*, 950 F.3d 1297, 1311 n.9 (10th Cir. 2020) (dismissing Section 10(b) claim and judicially noticing documents filed with SEC); *Emps.' Ret. Sys. of Rhode Island v. Williams Cos., Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018) ("In securities cases it is not unusual to consider documents incorporated by reference into the complaint, public documents filed with the SEC [Securities and Exchange Commission], and documents the plaintiffs relied upon in bringing suit.") (quotation marks omitted).

Accordingly, the Court may take judicial notice of the following documents:

- A: Press Release, *SeaStar Medical (NASDAQ: ICU) Commences Trading on Nasdaq Capital Market and Outlines Corporate Strategy and Near-Term Catalysts* (Oct. 31, 2022) (AC ¶ 174) (Movant's Appendix ("MA"), pp. 2–7).

- B: Press Release, *SeaStar Medical (Nasdaq: ICU) Announces Positive Interim Safety Findings from Ongoing Study Evaluating the Selective Cytopheretic Device (SCD) in Children* (Nov. 3, 2022) (AC ¶ 177) (MA, pp. 9–11).

- C: Press Release, *SeaStar Medical's Lead Product Candidate, the Selective Cytopheretic Device (SCD), Included in Consensus Statement for Pediatric Acute Kidney Injury in First Pediatric Acute Disease Initiative (ADQI) Meeting* (Nov. 7, 2022) (AC ¶ 179) (MA, pp. 13).

- D: Press Release, *SeaStar Medical Bolsters Operational Expertise with Appointment of Thomas R. Mullen as Vice President of Operations and Product Development* (Dec. 2, 2022) (AC ¶ 182) (MA, pp. 15–17).

- E: SeaStar SEC Form 8-K and press release (filed Dec. 29, 2022) (AC ¶ 185) (MA, pp. 19–26).

- F: SeaStar SEC Form 8-K and press release (filed Jan. 9, 2023) (AC ¶ 187) (MA, pp. 28–34).

- G: SeaStar SEC Form 8-K and press release (filed Mar. 31, 2023) (AC ¶ 190) (MA, pp. 36–46).

- H: SeaStar SEC Form 10-K (filed Mar. 30, 2023) (AC ¶ 196) (MA, pp. 48–158).

- I: SeaStar SEC Form 8-K and press release (filed May 16, 2023) (AC ¶ 206) (MA, pp. 160–171).

- J: SeaStar SEC Form 10-Q (filed May 15, 2023) (AC ¶ 210) (MA, pp. 173–205).

- K: SeaStar SEC Form 8-K and press release (filed Aug. 15, 2023) (AC ¶ 214) (MA, pp. 207–217).

- L: SeaStar SEC Form 10-Q (filed Aug. 14, 2023) (AC ¶ 215) (MA, pp. 219–374).

- M: SeaStar SEC Form 8-K and press release (filed Oct. 3, 2023) (AC ¶ 219) (MA, pp. 376–382).

- N: Press Release, *SeaStar Medical to Present at the Dawson James Small Cap Growth Conference on October 12, 2023* (Oct. 5, 2023) (AC ¶ 222) (MA, pp. 384–385).

- O: SeaStar SEC Form 8-K and press release (filed Nov. 22, 2023) (AC ¶ 225) (MA, pp. 387–397).

- P: SeaStar SEC Form 10-Q (filed Nov. 14, 2023) (AC ¶ 226) (MA, pp. 399–433).

### III. THE COURT MAY TAKE JUDICIAL NOTICE OF OTHER DOCUMENTS INCORPORATED INTO THE COMPLAINT AND/OR PUBLICLY FILED WITH THE SEC (EXHIBITS Q-Y).

In addition to the Challenged Statements, the Court may take judicial notice of other documents that: (a) are incorporated by reference in the Complaint; or (b) were publicly filed with the SEC; or (c) both.

- Q: SeaStar SEC Form DEF 14A (filed May 19, 2023) (excerpt) (MA, pp. 435–436).[2]

---

[2] Defendants have excerpted lengthy documents for the Court's convenience. If the Court wishes to review full versions of any excerpted exhibits, Defendants will provide such documents upon the Court's request.

4

Courts adjudicating motions to dismiss Section 10(b) claims routinely consider SEC filings that disclose defendants' stock ownership and transactions. *See, e.g.*, *In re ZAGG Inc. S'holder Deriv. Action*, 2014 WL 5089939, at *1 (D. Utah Oct. 9, 2014), *aff'd*, 826 F.3d 1222 (10th Cir. 2016) (affirming dismissal and considering defendant's SEC Forms 4); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."); *In re Buca Inc. Sec. Litig.*, 2006 WL 3030886, at *13 n.3 (D. Minn. Oct. 16, 2006) (granting motion to dismiss and judicially noticing SEC Schedule 14A showing defendant's stock ownership).

SeaStar's May 19, 2023 SEC Form DEF 14A discloses that, as of March 31, 2023, Defendant Schlorff beneficially owned 189,620 shares of SeaStar common stock and Defendant Baron beneficially owned 37,620 shares of SeaStar common stock. The Court may judicially notice this document in adjudicating the Motion to Dismiss.

- R: LMF Acquisition Opportunities, Inc. ("LMAO") SEC Form S-4-A (filed July 11, 2022) (excerpt) (MA, pp. 438–481).

Exhibit R is the amended Registration Statement, submitted on SEC Form S-4-A, filed in response to the SEC instructing LMAO to make certain changes to its Form S-4 Registration Statement. AC ¶¶ 283, *et seq.* Further, the HDE Statements incorporate by reference the risk disclosures contained in Exhibit R. *See* Mot. to Dismiss § I.A.1. The Court thus may judicially notice this document because it is incorporated by reference in the Complaint and was publicly filed with the SEC. *Williams*, 889 F.3d at 1158.

- S: EY, *Financial Reporting Developments, A Comprehensive Guide, Derivatives and Hedging* (Revised July 2024) (excerpt) (MA, pp. 483–484);

5

- T: Deloitte, *On the Radar: Derivatives* (Oct. 2024) (excerpt) (MA, p. 486);

- U: *KPMG: Derivatives and Hedging, Handbook* (Dec. 2024) (excerpt) (MA, pp. 488–491).

Exhibits S–U to the Serfoss Declaration are excerpts of guides published by "prominent accounting firms," including Deloitte and KPMG, related to ASC Topic 815. Plaintiff alleges that prominent accounting firms published such guides to help company executives understand key provisions of ASC Topic 815. AC ¶ 235. The Court thus may take judicial notice of these documents because they are incorporated by reference in the Complaint and because the accounting firms' public statements "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

- V: Statement of Paul Munter, SEC Acting Chief Accountant: *Financial Reporting and Auditing Considerations of Companies Merging with SPACs* (Mar. 31, 2021) (AC ¶ 238, *et seq.*) (MA, pp. 493–503);

- W: SEC Staff Statement: *Staff Statement on Accounting and Reporting Considerations for Warrants Issued by Special Purpose Acquisition Companies ("SPACs")* (Apr. 12, 2021) (AC ¶ 86, misdated as Apr. 21, 2021) (MA, pp. 505–511).

The SEC's statements addressing ASC Topic 815 (AC ¶ 232, *et seq.*) are quoted extensively in the Complaint. *Id.* They are therefore incorporated by reference in the Complaint and may be judicially noticed. *Gold*, 776 F.3d at 1108. Alternatively, they may be judicially noticed because they are statements made by government agencies. *Doe 1 v. Cnty. of Rockland*, 2025 WL 945873, at *2 (S.D.N.Y. Mar. 28, 2025) (taking judicial notice of, *inter alia*, letters and reports from federal government agencies); *Nationstar*

6

*Mortg., LLC v. Vegas Prop. Servs., Inc.*, 2019 WL 1429619, at *2 (D. Nev. Mar. 30, 2019) (taking judicial notice of statements by Federal Housing Finance Agency).

- <u>X: SeaStar SEC Form 8-K (filed Dec. 21, 2022) (AC ¶ 252) (MA, pp. 513–516)</u>;
- <u>Y: SeaStar SEC Form 8-K (filed Aug. 2, 2023) (AC ¶ 254) (MA, pp. 518–521)</u>.

The Complaint quotes from Exhibits X and Y, which are documents SeaStar filed with the SEC.  *See* AC ¶¶ 252, 254.  Plaintiff relies on these documents in alleging that purported events relating to accounting firms support an inference of scienter.  *Id.* ¶ 250, *et seq.*  The Court thus may judicially notice these documents because they are incorporated by reference in the Complaint and were filed with the SEC.  *Williams*, 889 F.3d at 1158.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and take judicial notice of the Exhibits attached to the Serfoss Declaration when ruling on Defendants' Motion to Dismiss.

Dated: May 5, 2025

Respectfully submitted,

MORRISON & FOERSTER LLP

s/ *Nicole K. Serfoss*
Nicole K. Serfoss
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
Tel: (303) 592-2246
nserfoss@mofo.com

and

MORGAN, LEWIS & BOCKIUS LLP

Michael D. Blanchard
Christopher M. Wasil
One State Street
Hartford, CT 06103
Tel: (860) 240-2700
michael.blanchard@morganlewis.com
christopher.wasil@morganlewis.com

*Attorneys for Defendants SeaStar Medical Holding Corporation, Eric Schlorff, and Caryl Baron*

8

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 5th day of May 2025, I filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ *Nicole K. Serfoss*
Nicole K. Serfoss