# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FORREST A K WELLS, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

       v.

SEASTAR MEDICAL HOLDING
CORPORATION, ERIC SCHLORFF, and
CARYL BARON,

                Defendants.

Civil Action No. 1:24-cv-01873-RMR-TPO

JURY TRIAL DEMANDED

<u>CLASS ACTION</u>

---

## OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

---

Lead Plaintiff Raffi Khajerian and named plaintiff Breck Hudson ("Plaintiffs"), respectfully submit this opposition to Defendants' Request for Judicial Notice ("Request" or "RJN") (ECF No. 34), filed in support of their Motion to Dismiss Amended Class Action Complaint ("Motion" or "Mot.") (ECF No. 33).

## I.     INTRODUCTION

Defendants' Request asks the Court to consider 25 exhibits—roughly 520 pages "excerpted [from] lengthy documents"— attached to the Declaration of Nicole K. Serfoss (*see* ECF Nos. 33-1, 33-2), in evaluating their Rule 12(b)(6) Motion on the basis that such extrinsic materials were internal to Plaintiffs' claims, incorporated into the Complaint by refence and/or publicly filed with the SEC. RJN at 2-7. While the Court may consider certain documents that are incorporated by reference or otherwise integral to the Complaint and/or proper subjects of judicial notice for the limited purpose of acknowledging their existence and contents, here Defendants have submitted copious amounts of extraneous material in support of irrelevant or disputed factual arguments. Defendants' Request should be summarily denied, or in the alternative, allowed under the extremely limited conditions detailed below.

## II.     RELEVANT LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test whether "factual allegations plausibly suggest the defendant is liable." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, "[a]s a general rule, the only facts [] consider[ed] in

1

assessing the sufficiency of a complaint are those alleged in the complaint itself." *Employees' Ret. Sys. of Rhode Island v. Williams Companies, Inc.,* 889 F.3d 1153, 1158 (10th Cir. 2018). In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court identified two limited exceptions noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322.

**First**, documents are considered incorporated by reference "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Williams*, 889 F.3d at 1158. When answering the question of how "central" the document must be, the Tenth Circuit has found incorporation proper when a document is "frequently referred to and quoted from" in the complaint, *Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141, 1146 (10th Cir. 2013), or are "documents the plaintiffs relied upon in bringing suit." *Williams*, 889 F.3d at 1158. While this exception allows courts to "look to the contents of a referenced document itself rather than solely to what the complaint alleges the contents to be … such documents may properly be considered only for what they contain, not to prove the truth of their contents." *Id.*; *see also LS3 Inc. v. Cherokee Nation Strategic Programs, L.L.C.*, 2022 WL 3440692 at *4 (10th Cir. Aug. 17, 2022) (reversing dismissal where district court improperly inferred facts from incorporate documents).

**Second**, under Federal Rule of Evidence 201, a court is permitted to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.

R. Evid. 201(b). But "generally known" or "accurately and readily determined" is only part of the inquiry. Indeed, judicial notice is only proper when "a fact is beyond debate[.]" *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). And when a document is judicially noticed, it is done so only "for proof that something is publicly known, not for the truth of the [document's] other assertions." *Id.*; *see also In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage."); *Hampton v. Root9b Tech., Inc.*, 2016 WL 7868823 at *4 (D. Colo. Aug. 5, 2016) ("When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true.").

Aside from extrinsic materials that meet these limited exceptions, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into one for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See* Fed. R. Civ. P. 12(b), 12(d), 56; Wright & Miller, *5C Fed. Prac. & Proc. Civ. § 1366*, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); *Zabriskie v. Lewis*, 507 F.2d 546, 553 (10th Cir. 1974) (concluding "[t]t is not error for a court to refuse to admit or take judicial notice"); *see also Blake v. Canoo Inc.*, 2022 WL 22919489, at *1-*2 (C.D. Cal. July 19,

2022) (denying dismissal "for referencing materials outside the pleadings … persuaded that it would be more appropriate to consider the arguments and documents (including Canoo's SEC filings) in the context of a motion for summary judgment").

III.    ARGUMENT

A.    Consideration of Exhibits A-P, R, V-Y, *If Any*, Should Be Limited to Their Contents

Defendants make the blanket assertion that the entirety of Exhibits A-P, R, and V-Y are subject to judicial notice because these documents are central to the Complaint in that they contain the alleged false and misleading statements, are quoted extensively or explicitly referred to in the Complaint and/or were publicly filed with the SEC. *See* RJN at 2-4, 5-7. Importantly, Defendants' Request fails to "clearly specify what fact or facts" are to be judicially noticed from the hundreds of pages contained in these documents. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (remarking that "[a] [district] court must [] consider – and identify – which fact or facts it is noticing"); *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) (finding district court "amply justified" in refusing judicial notice where, *inter alia*, the party "made no attempt to specify what 'adjudicable facts' met the requirements of [Rule] 201"); *see also Felipe v. Playstudios Inc.,* 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (denying judicial notice of SEC filings because "[a]lthough these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice"); *Kasilingam v. Tilray, Inc.,* 2024 WL 4350118, at *1 (S.D.N.Y. Sept. 30, 2024) (declining to conduct similar request for "full context review" of documents incorporated by reference and purportedly subject to judicial notice, "including transcripts of [company]'s earnings calls, various published SEC documents, and several news articles.").

4

While Defendants unnecessarily lard the record with hundreds of pages that are irrelevant to the Complaint and pending Motion, Plaintiffs do not dispute that the Complaint at minimum refers to each of these documents. To the extent that the Court considers Exhibits A-P, R, or V-Y proper subjects for review, such documents may not be relied on to refute the well-pled allegations in the Complaint. *See U.S. v. Wade*, 2017 WL 11407521, at *1 (D. Utah Apr. 17, 2017) ("the court may not rely on these documents to refute factual allegations other than allegations confined to the contents of those documents"); *see also Felipe*, 2024 WL 1380802, at *6 (incorporating by reference exhibits "quoted or relied on extensively within the AC or forms a necessary basis of the complaint. However, the Court will not consider the documents to resolve factual disputes against the well-pled allegations in the complaint."); *Lawson v. Klondex Mines Ltd.*, 450 F.Supp.3d 1057, 1071 (D. Nev. 2020) (taking judicial notice of press release incorporated by reference in the complaint under the condition that it "cannot assume the truth of the contents of the press release because [the complaint] alleges that it contains false or misleading statements.").

**B.      Plaintiffs Object to Judicial Notice of Exhibits S-U**

Defendants contend Exhibits S-U, third-party materials issued *after* the Class Period, proper subjects of judicial notice because the Complaint merely mentions publication of news articles and accounting guides following the FASB's simplifications to ASC 815 in 2020. *See* RJN at 5-6. Specifically, the Complaint states: "ASU No. 2020-06 received widespread media attention when it was first announced, including articles published in the CPA Journal and by Bloomberg, and numerous prominent accounting firms, like Deloitte and KPMG, published guides to help company executives understand key provisions, transition requirements, and effective dates." ¶235.

5

None of these documents are incorporated into the Complaint by reference, nor are they presented for proper consideration at the motion to dismiss stage. *See Noble Asset Mgmt. v. Allos Therapeutics, Inc.,* 2005 WL 4161977, at *2 (D. Colo. Oct. 20, 2005) (rejecting argument for judicial notice where "complaint refers generally to analysts' reports in connection with the allegation of fraud-on-the-market" concluding "[t]he complaint, however, does not refer to these specific reports"); *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) (rejecting argument that "because an earlier analyst report from the same firm was selectively quoted by plaintiffs" the "later analyst report" "not cited or referenced" in complaint was subject to judicial notice concluding such notice "would constitute [an] excessive use of extrinsic material"); *see also Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004) ("Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint."); *Gray v. Wesco Aircraft Holdings, Inc*., 454 F.Supp.3d 366, 383-84 (S.D.N.Y. 2020) (declining to consider or take notice of company's SEC filings and press releases issued outside the relevant time period because "Plaintiff does not rely on them for his Complaint, nor are they integral to his Complaint"), *aff'd*, 847 F. App'x 35 (2d Cir. 2021); *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (declining judicial notice of "two press releases outside the class period [that] are not referenced in the complaint").

In addition, courts routinely decline to take judicial notice of documents that are irrelevant to matters at issue in the motion to dismiss. *See Ferreira v. Funko Inc.,* 2021 WL 8820650, at *11 (C.D. Cal. Oct. 22, 2021) (declining judicial notice of company's Form 10-K "as it was issued outside the Class Period, it was not relevant to the Court's

analysis"); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining judicial notice of FDA website excerpts that "post-date[d] the Class Period" because it "has minimal relevance to the claims at issue"); *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *4 (C.D. Cal. May 30, 2008) (declining notice of post-class period SEC filings, "[a]lthough they may be matters of public record, these filings are not relevant to the instant motion"); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (same).

Moreover, Defendants improperly rely on Exhibits S-U to present their own set of "facts" concerning the complexity of applicable accounting standards to negate factual allegations in the Complaint supporting the inference of scienter. *See* Defs. Br. at 25 n.24, n.25. These exhibits are nothing more than an impermissible attempt by Defendants to insert their "'own version of events into the complaint.'" *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, 2021 WL 1400818, at *3 (D. Ariz. Apr. 14, 2021); *see also Belodoff*, 2008 WL 2356699, at *4 (declining to take judicial notice of third parties' articles because "[t]he articles and their contents are products of the authors' own views and opinions" and therefore "are not facts capable of accurate and ready determination"); *In re Apple Sec. Litig.*, 678 F.Supp.3d 1147, 1153 (N.D. Cal. 2023) (declining judicial notice of news article that defendants claimed "disproves [CEO's] intent to defraud shareholders" as "in no way relevant to this case").

These types of requests are precisely what the Ninth Circuit cautions against:

Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the

7

defendant's newly-expanded version of the complaint— accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Khoja*, 899 F.3d at 1003.

In sum, none of these documents were incorporated into the Complaint, none were issued to the market during the Class Period, and the "facts" presented are subject to reasonable debate, and therefore, are not proper subjects of judicial notice.

### C.    Plaintiffs Object to Judicial Notice of Exhibit Q

Defendants concede Exhibit Q, SeaStar's May 19, 2023 SEC Form DEF 14A, is not incorporated by reference in the Complaint. *See* RJN at 5. Rather, they rely on Exhibit Q to show Defendants Schlorff and Baron owned 189,620 and 37,620 SeaStar shares, respectively, as of March 31, 2023, arguing in their Motion that the purported ownership negates any inference that Individual Defendants had the requisite scienter to fraudulently inflate the price of SeaStar securities during the Class Period. *See* Mot. at 23, n.21.

Such a suggestion of mere ownership of SeaStar securities has no relevance on the court's determination of whether Defendants had the requisite scienter to commit securities fraud. "Although plaintiffs asserting securities fraud claims frequently bolster allegations regarding scienter by asserting unusual sales of stock by individuals accused of committing securities fraud, … such allegations of unusual stock sales are not required to demonstrate a strong inference of scienter in a securities fraud case." *Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597, 607 (4th Cir. 2015); *see, e.g.,* Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1253 n. 3 (11th Cir.2008) ("[S]uspicious stock sales are not necessary to create a strong inference of scienter.") (citing *Tellabs*, 551 U.S. at 325); *see also No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp*., 320

F.3d 920, 944 (9th Cir. 2003) ("Scienter can be established even if the officers who made the misleading statements did not sell stock during the class period."); *Salzman v. ImmunityBio, Inc.*, 753 F.Supp.3d 1050, 1068 (S.D. Cal. 2024) (rejecting contention that "the absence of stock sales … and [defendant's] personal investment of an additional $300 million into [the company]" undermines inference of scienter). "Therefore, because the SEC document[] w[as] not explicitly referenced in, or an integral part of, the [C]omplaint, the [] court should not [] consider[] th[is] document[] in reviewing the sufficiency of the [P]laintiffs' allegations." *Zak*, 780 F.3d at 607 (vacating dismissal finding district court "incorrectly construed the information contained in the SEC documents" to negate scienter allegations); *see also Abady*, 2023 WL 2933080, at *3 (declining judicial notice of SEC Form 4 concluding "[individual defendant]'s mere acquisition of [company] stock is not relevant to resolving any issues raised by Defendants' motion to dismiss").

## IV.    CONCLUSION

For the foregoing reasons, the Court should decline consideration of Defendants' extrinsic materials in deciding their Motion, or in the alternative, if inclined to consider any of these documents, do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein.

//

//

//

//

//

//

9

Date: June 20, 2025

Respectfully submitted,

LEVI & KORSINSKY, LLP


*s/ Adam M. Apton*
Adam M. Apton
Devyn R. Glass
33 Whitehall Street, 17th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
      dglass@zlk.com

*Attorneys for Lead Plaintiff and
Lead Counsel for the Class*

10