# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01873-RMR-TPO

FORREST A K WELLS, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

SEASTAR MEDICAL HOLDING CORPORATION,
ERIC SCHLORFF, and
CARYL BARON,

      Defendants.

---

## DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

---

Defendants[1] hereby respectfully submit this reply in further support of their Request for Judicial Notice.

## A.    EXHIBITS A–P, R, AND V–Y ARE SUBJECT TO JUDICIAL NOTICE.[2]

This category of documents includes: (a) the challenged statements (Exs. A–P); (b) other documents filed with the SEC (Exs. R, X, Y); and (c) public statements by the SEC's Acting Chief Accountant and SEC Staff (Exs. V, W). All of these documents are

---

[1]    Capitalized terms used herein have the same meanings as in Defendants' Request for Judicial Notice (Dkt. No. 34) (the "Request" or "RJN").

[2]    For the Court's convenience, Defendants categorize the relevant documents consistent with Plaintiff's Opposition to Defendants' Request for Judicial Notice (Dkt. No. 43) ("Opposition to RJN" or "Opp. to RJN").

incorporated into the Complaint.   RJN at 2, 5, 7.   Plaintiff makes two arguments in connection with these documents, neither of which rebuts the relief sought in the Request.

Plaintiff first suggests the Court should decline to take judicial notice of these documents because the Request purportedly fails to "specify what fact or facts" are to be judicially noticed from the documents.   Opp. to RJN at 4 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)).   Plaintiff omits that Defendants' Motion to Dismiss[3] does exactly that.   *See* MTD at 4, 10, 11, 16, 23, 25, 28, 29, 30. Moreover, in compliance with RMR Civ. Practice 7.1A(a)(3), Defendants submitted "one consecutively numbered appendix, containing all exhibits" which were "referenced *in the motion . . . by appendix page number* and name, e.g., (Movant's Appx., p. 30 – Smith Affidavit)" (emphasis added).   Plaintiff cites no applicable rule or controlling authority requiring Defendants to do anything further.

Plaintiff alternatively argues that, if the Court takes judicial notice of these documents, "such documents may not be relied on to refute the well-pled allegations of the Complaint."   Opp. to RJN at 5.   Defendants make no such request.   Rather, as Plaintiff concedes, where a document is incorporated into a complaint, the court "may look to the contents of a referenced document itself rather than solely to what the complaint alleges the contents to be."   *Id.* at 2 (quoting *Emps.' Ret. Sys. of Rhode Island v. Williams Cos., Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018)).   Consistent therewith, Defendants respectfully ask the Court to take judicial notice of the contents of these documents.[4]

---

[3]    Dkt. No. 33 (the "Motion to Dismiss" or "MTD").
[4]    Ironically, Plaintiff—the author of the 135-page, 340-paragraph Complaint—accuses Defendants of "lard[ing] the record" by submitting these documents in full.   Opp. to RJN at 5.

**B.      <u>EXHIBITS S–U ARE SUBJECT TO JUDICIAL NOTICE.</u>**

Exhibits S–U are excerpts of guides published by accounting firms EY (Ex. S), Deloitte (Ex. T), and KPMG (Ex. U) regarding the specific accounting principles at issue in this case.  Plaintiff objects to judicial notice of these documents because: (a) they are purportedly not incorporated into the Complaint; (b) they are supposedly irrelevant because they post-date the Class Period; and (c) Defendants purportedly seek to use them to present their own set of facts.  Opp. to RJN at 5–8.  None of these responses warrants denial of the Request.

First, Plaintiff concedes that the Complaint expressly alleges "numerous prominent accounting firms, like Deloitte and KPMG, published guides to help company executives understand" the accounting principles at issue in the Complaint.  Opp. to RJN at 5 (quoting AC ¶ 235).  Exhibits S–U are excerpts of guides explaining the same exact accounting principles, which were published by such "prominent accounting firms," two of which are the same exact accounting firms expressly identified in the Complaint.  *Id*.  Plaintiff's argument that these documents are not incorporated into the Complaint thus lacks merit. Further, as Plaintiff's own case law explains, "[i]n ruling on a motion to dismiss, a court may take judicial notice of a document if it is relied upon in the complaint (*whether or not it is expressly incorporated therein*) and its authenticity is not disputed."  *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (emphasis added). Plaintiff's objection to Exhibits S–U fails for this additional reason.

---

Defendants provide these documents in their entirety to show the Court they have not cherry-picked favorable portions or omitted valuable context, as the Complaint does.

Plaintiff cites only a single case from this Court on this issue—*Noble Asset Mgmt. v. Allos Therapeutics, Inc.*, 2005 WL 4161977, at *2 (D. Colo. Oct. 20, 2005)—in which "the source and authenticity" of the documents at issue were "not apparent." Here, by contrast, Plaintiff does not challenge the source or authenticity of Exhibits S–U, and thus the documents are appropriate subjects of judicial notice. *See* Fed. R. Evid. 201(b)(2) (court may judicially notice fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Second, Plaintiff's relevance argument lacks merit. The Complaint itself places at issue the existence and content of written guidance on the correct application of the accounting principle from which Plaintiff's claims arise. AC ¶¶ 233–45. The fact that Exhibits S–U were issued after the Class Period does not make them irrelevant. Plaintiff cites no authority categorically barring judicial notice of documents issued after the class period, and cases are to the contrary. *See, e.g.*, *In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *10 (D.N.J. Mar. 29, 2021), *aff'd*, 2022 WL 2128560 (3d Cir. June 14, 2022) ("[T]he fact that Exhibit X was created after the class period closed does not appear to render the document irrelevant on its own."). Moreover, the manner in which the prominent accounting firms identified in the Complaint describe the accounting principle at issue is, if anything, *more* relevant given the passage of time and further opportunity to analyze the issue.

Third, contrary to Plaintiff's contention otherwise, Defendants do not seek to introduce Exhibits S–U to present their own set of facts. As Plaintiff concedes, where a document is incorporated into a complaint, the court "may look to the contents of a

referenced document itself rather than solely to what the complaint alleges the contents to be." Opp. to RJN at 2 (quoting *Williams*, 889 F.3d at 1158). Plaintiff characterizes the contents of guidance published by prominent accounting firms—Defendants respectfully request that the Court take notice of the actual contents of such documents.

## C.    EXHIBIT Q IS SUBJECT TO JUDICIAL NOTICE.

Exhibit Q is an SEC filing showing ownership of SeaStar stock by Defendants Schlorff and Baron. RJN at 4–5. Plaintiff does not dispute the source or accuracy of the document, or any information contained therein. *See* Opp. to RNJ at 8–9. Rather, Plaintiff's only objection to Exhibit Q is that stock ownership supposedly has no relevance to Defendants' Motion to Dismiss because insider stock sales are "not required" to establish scienter. *Id.* at 8–9. This is a straw man argument. Defendants do not argue that stock sales are "required" to establish scienter. Rather, they argue—consistent with Plaintiff's own cases—that the absence of alleged insider stock sales *weighs against* scienter.[5] MTD at 23 n.21. Schlorff's and Baron's ownership of SeaStar stock and the absence of alleged insider stock sales are thus plainly relevant, warranting judicial notice of Exhibit Q.[6]

---

[5]    *See Andropolis v. Red Robin Gourmet Burgers, Inc.*, 505 F. Supp. 2d 662, 678 (D. Colo. 2007) (cited in Opp. to MTD at 27) ("[T]he inference of scienter in this case is particularly weak given that Plaintiff *does not allege inside stock sales* intended to take advantage of [the company's] purportedly intentional inflation of earnings. . . . It is just such stock sales which *courts most often rely* upon in finding a strong inference of scienter.") (emphasis added).

[6]    Plaintiff's selective quotation of *Abady v. Lipocine Inc.*, 2023 WL 2933080 (D. Utah Apr. 13, 2023) (Opp. at RJN at 9), is misleading. There, the court declined to take judicial notice of a document, offered to show purported stock purchases, because the document did not indicate whether the stock was acquired through a purchase or "some other means, such as an award or grant." *Id.*, at *3. Here, by contrast, Plaintiff limits his objection to purported irrelevance—he does not dispute that Exhibit Q accurately reflects Schlorff's and Baron's stock ownership.

**D.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider

and take judicial notice of the Exhibits attached to the Serfoss Declaration when ruling on

Defendants' Motion to Dismiss.

Dated:  July 21, 2025              Respectfully submitted,


                                  MORRISON & FOERSTER LLP

                                  */s/ Nicole K. Serfoss*
                                  Nicole K. Serfoss
                                  4200 Republic Plaza
                                  370 Seventeenth Street
                                  Denver, CO 80202-5638
                                  Tel: (303) 592-2246
                                  nserfoss@mofo.com

                                  and

                                  MORGAN, LEWIS & BOCKIUS LLP

                                  Michael D. Blanchard
                                  Christopher M. Wasil
                                  One State Street
                                  Hartford, CT 06103
                                  Tel: (860) 240-2700
                                  michael.blanchard@morganlewis.com
                                  christopher.wasil@morganlewis.com

                                  *Attorneys for Defendants SeaStar Medical Holding
                                  Corporation, Eric Schlorff, and Caryl Baron*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 21st day of July 2025, I filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Nicole K. Serfoss
Nicole K. Serfoss