**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FORREST A K WELLS, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

SEASTAR MEDICAL HOLDING
CORPORATION, ERIC SCHLORFF, and
CARYL BARON,

        Defendants.

Civil Action No. 1:24-cv-01873-RMR-TPO

JURY TRIAL DEMANDED

<u>CLASS ACTION</u>

---

**PLAINTIFFS' OBJECTIONS TO THE RECOMMENDATION OF**

**UNITED STATES MAGISTRATE JUDGE**

---

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    STANDARD OF REVIEW ................................................................................... 2

III.   ARGUMENT ...................................................................................................... 3

       A.   The R&R Erred in Finding Certain HDE Statements Immaterial ...................... 3

       B.   The R&R Erred in Finding Plaintiffs Did Not Adequately Allege Falsity ............. 6

       C.   The R&R Erred in Finding Plaintiffs Did Not Adequately Allege Scienter .......... 8

IV.    CONCLUSION.................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Kinder-Morgan, Inc.*,

340 F.3d 1083 (10th Cir. 2003) ................................................................. 9, 10

*Anderson v. Spirit AeroSystems Holdings, Inc.*,

105 F. Supp. 3d 1246 (D. Kan. 2015), *aff'd*, 827 F.3d 1229 (10th Cir. 2016) .............. 9

*Basic Inc. v. Levinson*,

485 U.S. 224, 236 (1988) ........................................................................ 3

*Better v. YRC Worldwide Inc.*,

No. CIV.A.11-2072-KHV, 2012 WL 4433500 (D. Kan. Sept. 25, 2012) ........................ 6

*In re Biovie Inc. Sec. Litig.*,

No. 3:24-CV-00035-MMD-CSD, 2025 WL 947667 (D. Nev. Mar. 27, 2025).............. 10

*Curley v. Perry*,

246 F.3d 1278 (10th Cir. 2001) ................................................................. 11

*Fed. Deposit Ins. Corp. v. RBS Acceptance Inc.*,

611 F. Supp. 3d 1089 (D. Colo. 2020) ......................................................... 3

*In re Gold Res. Corp. Sec. Litig.*,

776 F.3d 1103 (10th Cir. 2015) ................................................................. 10

*Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*,

45 F.4th 1236 (10th Cir. 2022) ................................................................. 9

*In re Level 3 Commc'ns Sec. Litig.*,

667 F.3d 1331 (10th Cir. 2012) ............................................................. 4, 5, 8

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,

838 F. Supp. 2d 1148 (D. Colo. 2012)............................................................................. 3

*Osher v. JNI Corp.*,

183 F. App'x 604 (9th Cir. 2006).................................................................................. 11

*Pirraglia v. Novell, Inc.*,

339 F.3d 1182 (10th Cir. 2003) .................................................................................... 4

*In re SandRidge Energy, Inc. Sec. Litig.*,

No. CIV-12-1341-W, 2017 WL 3309758 (W.D. Okla. Aug. 1, 2017)........................... 11

*In re Sprint Corp. Sec. Litig.*,

232 F. Supp. 2d 1193 (D. Kan. 2002)......................................................................... 4, 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

551 U.S. 308 (2007) ................................................................................................. 6, 9

*Turner Ins. Agency, Inc. v. Farmland Partners Inc.*,

No. 18-CV-02104-DME-NYW, 2019 WL 2521834 (D. Colo. June 18, 2019) .............. 3

*Yanek v. Staar Surgical Co.*,

388 F. Supp. 2d 1110 (C.D. Cal. 2005) ......................................................................... 8

**Statutes**

28 U.S.C. § 636.................................................................................................. 1, 2, 3

**Rules**

FED. R. CIV. P. 72 ................................................................................................... 1, 3

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), Lead Plaintiff Raffi Khajerian and named plaintiff Breck Hudson ("Plaintiffs") respectfully object to the Recommendation of United States Magistrate Judge Timothy P. O'Hara [ECF 46] ("Recommendation" or "R&R") to grant Defendants' Motion to Dismiss [ECF 33].[1]

## I.    INTRODUCTION

Plaintiffs allege Defendants violated §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, promulgated thereunder, by making a series of false and/or materially misleading statements during the Class Period relating to: (i) SeaStar's compliance with applicable accounting standards, internal controls over financial reporting, and financial condition (*i.e.*, the "Accounting Statements"); and (ii) SeaStar's Human Device Exemption (HDE) application for marketing approval of its lead candidate, the Selective Cytopheretic Device (SCD), including its submission date, its expected date for review completion and commercial launch, as well as SeaStar's interactions with the FDA concerning the application submitted and its regulatory pathway to approval (*i.e.*, the "HDE Statements").

Defendants moved to dismiss challenging whether the Complaint plausibly alleges the HDE Statements: (i) constituted untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made not misleading (*i.e.*, falsity); (ii) were made intentionally *or* with reckless disregard of the likelihood of misleading investors (*i.e.*, scienter); and (iii) caused significant loss when the market learned the truth and concealed risks materialized (*i.e.*, loss causation). Defendants challenged only scienter allegations for the Accounting Statements. In response, Judge O'Hara recommended granting Defendants' motion based on his findings that: (i) standing

---

[1] All capitalized terms have the same meaning ascribed to them as in the Amended Class Action Complaint [ECF 29] ("Complaint"). "¶__" citations refer to the Complaint.

alone and in isolation, certain HDE Statements were immaterial or vague corporate optimism; and (ii) Plaintiffs provide "no specific support" that Defendants' target dates for review completion and commercialization were false or misleading when made. R&R at 18-20. Such findings should be rejected for two reasons. Specifically, the Recommendation: (i) incorrectly finds certain HDE Statements immaterial by failing to analyze such statements in context and taken together with other alleged misstatements found to be material; and (ii) held any facts bearing on possible delays in FDA approval material because Defendants' entire strategy depended on the timely approval and commercial launch of SCD, yet did not subsequently consider such alleged facts when assessing the falsity of Defendants' HDE Statements.

Further, Judge O'Hara recommended granting Defendants' motion based on his finding that the Complaint lacked sufficient allegations that Defendants acted intentionally or with deliberate recklessness when making all alleged statements. R&R at 20-26. This finding is incorrect and contrary to binding case law. The Recommendation failed to construe the facts in the light most favorable to Plaintiffs and incorrectly weighed "equally likely" inferences in Defendants' favor. *See id*. If the Court applies the correct standard, this portion of Defendants' motion should be denied as well. Accordingly, for the reasons set herein, as well as in Plaintiffs' Opposition to Defendants' Motion to Dismiss [ECF 42], the Court should reject the Recommendation and deny Defendants' motion.

## II.    STANDARD OF REVIEW

A court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id*.; FED. R. CIV. P. 72(b)(3).

## III.     ARGUMENT

### A.     The R&R Erred in Finding Certain HDE Statements Immaterial

Judge O'Hara did not find Defendants' references to a "June 2022" submission date (instead of the correct July 1, 2022 date) to be a material difference. R&R at 19. "Generally, the question whether an undisclosed fact is 'material' is a question for the factfinder." *Fed. Deposit Ins. Corp. v. RBS Acceptance Inc*., 611 F. Supp. 3d 1089, 1108 (D. Colo. 2020); *Basic Inc. v. Levinson*, 485 U.S. 224, 236, 240 (1988) (materiality is mixed question that "requires delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts and the significance of those inferences to him."). On a Rule 12(b)(6) motion, "a complaint may not properly be dismissed … on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *Turner Ins. Agency, Inc. v. Farmland Partners Inc*., No. 18-CV-02104-DME-NYW, 2019 WL 2521834, at *4 (D. Colo. June 18, 2019).

Importantly, Plaintiffs do not contend Defendants' references to a "June 2022" submission materially false or misleading standing alone, rather they were so given the totality of other false or misleading statements investors would consider important in deciding whether to invest. *See In re Oppenheimer Rochester Funds Grp. Sec. Litig*., 838 F. Supp. 2d 1148, 1161 (D. Colo. 2012) (noting materiality does not turn on a determination that the challenged statement, "standing alone, would not be one that a reasonable investor would consider important in deciding whether or not to invest," but rather, on consideration of whether the statements, "taken together and in context," would have materially misled a reasonable investor). Indeed, Plaintiffs allege each statement

referencing the incorrect submission date (¶¶180, 193, 197, and 206) were materially misleading when made in the context of and together with other portions of the HDE Statements found to be material (*see* R&R at 19; *see also* ¶¶179-80, 193, 197, and 207).

Accordingly, when taken together and in context, a reasonable investor would consider the undisputed discrepancy in SeaStar's touted submission date—*i.e.*, the first step in pursuing FDA approval and initiating the review clock—important in deciding whether to invest in a company whose entire strategy and valuation depended on the timely approval and commercial launch of SCD. Plaintiffs have, at a minimum, established an issue of fact regarding materiality of this information, an issue "not ripe for resolution at the Rule 12(b)(6) stage." *Pirraglia v. Novell, Inc*., 339 F.3d 1182, 1192 (10th Cir. 2003).

Likewise, the Recommendation holds certain HDE Statements (¶¶175, 193 (Part II), 194, 206 (Part II), and 207) immaterial statements of corporate optimism based on the incorrect finding that these statements, analyzed in isolation, were too vague or soft for a reasonable investor to consider important. R&R at 18-19. "There is no bright-line test for determining when an optimistic statement crosses the line between immaterial puffery and material misstatement." *In re Sprint Corp. Sec. Litig*., 232 F. Supp. 2d 1193, 1216-17 (D. Kan. 2002). The Recommendation relied on *In re Level 3 Commc'ns Sec. Litig*., 667 F.3d 1331, 1339-40 (10th Cir. 2012) for the proposition that "rosy" affirmations of unspecified "value driving milestones" that are "so vague, so lacking in specificity … no reasonable investor could find them important." R&R. at 18. *In Level 3*, the court found "general, forward-looking expression of confidence" such as "integration… progressing well" and "beginning to see the benefits of synergies" immaterial. 667 F.3d at 1340. However, it also found several "particularly concrete" statements regarding the integration

4

process "did cross the line from corporate optimism and puffery to objectively verifiable matters of fact"—namely, the "majority" of the integration was complete, "ahead of plan," and "under budget;" and integration efforts were "generally done, substantially done." *Id.*

Here, Defendants' statements of "potential near-term evolution to a commercial stage company" (¶175); "remain[ing] hopeful for a near-term determination" (¶193); "focusing on executing near-term milestones that will advance our business" (¶194); "each deficiency cited in the [not approvable] letter is readily addressable and have put in place a plan with the goal of achieving pediatric HDE approval" (¶206); and "now targeting approval in late 2023" (¶207)—were all "driven" by specified market forces: "potential FDA approval in our lead program" (¶175); "continue[d] active discussions with the FDA regarding the HDE application" (¶193); "immediate efforts [] aimed at … working with regulators to bring products to market" (¶194); the not approvable letter from the FDA "outlining specific guidance as to how the application may be amended and resubmitted" (¶206); and "[f]ollowing the recent receipt of a non-approvable letter, we are working with the FDA to secure a [HDE]" (¶207). Further, these statements were all made in conjunction with press releases and SEC filings containing other alleged HDE Statements that provided specific dates which the Recommendation, accepting Plaintiff's well-plead facts as true, found to be material (R&R at 19). *Sprint*, 232 F. Supp. 2d at 1217 ("as with any alleged misstatement, an optimistic statement's materiality must be adjudged in light of the 'total mix' of information available to the market."). Accordingly, when analyzed in context and together with all publicly available information at the time, these statements cross the line to objectively verifiable matters of fact a reasonable investor would consider important. *See Better v. YRC Worldwide Inc.*, No. CIV.A.11-2072-KHV, 2012 WL 4433500,

at *6 (D. Kan. Sept. 25, 2012) ("We believe that we have turned the corner," "we are encouraged by our progress," and "we're staying keenly focused on customer satisfaction" actionable when "viewed in their entirety and context").

### B.    The R&R Erred in Finding Plaintiffs Did Not Adequately Allege Falsity

Judge O'Hara erred in finding the remaining HDE Statements insufficiently supported as false or misleading by failing to properly analyze the allegations collectively. R&R at 19-20. On a Rule 12(b)(6) motion, courts "must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

At issue here, Plaintiffs allege Defendants made false or misleading statements about the expected timeline for completed review of the HDE and commercial launch of SCD. Specifically, from the Class Period start (October 31, 2022) to as late as March 30, 2023, Defendants repeatedly told investors SeaStar submitted a HDE application "in June 2022," and "[b]ased on the current timeline of the HDE application," they "expect[ed] the FDA to complete its substantive review of the HDE in the first quarter of 2023, with a commercial launch in the second quarter of 2023." ¶¶174, 177, 179-80, 182-83, 185, 187-88, 191, 197-98. Then, after SeaStar's revelation of the Not Approvable Letter on May 9, and until its disclosure of the Approvable Letter's contents and further delay, announced on October 30, 2023, they assured investors "[t]he correspondence provide[d] a clear path forward" and they "intend[ed] to follow the regulatory path laid out by the FDA to commercialize SCD [] by the end of 2023." ¶¶ 219, 221-22; *see also* ¶¶147-60, 206-07.

Plaintiffs allege these statements were false or misleading when made because they omit significant contemporaneous facts about SeaStar's HDE application, the FDA's repeated guidance for additional information to address identified deficiencies, resulting in numerous amendments needed, and ultimately SeaStar's receipt of a Not Approvable

6

Letter and subsequent Approvable Letter, all rendering the anticipated dates for review completion and commercialization improbable and bolstering an inaccurate impression about the strength of the application and the likelihood of timely approval.

As alleged, SeaStar submitted an HDE application to the FDA on July 1, 2022, seeking marketing approval of its lead candidate, SCD. ¶137. The agency accepted the filing for substantive review on July 13, 2022. *Id.* As later admitted by Defendant Schlorff, less than a month into the review, the FDA identified deficiencies in the application, prompting continued back and forth with the agency over the next ten months (¶151), evidenced by the 17 amendments submitted between August 11, 2022 and April 11, 2023 (¶138). Despite Defendants' later claims of "repeatedly being responsive to the Agency's recommendations" (¶151), SeaStar failed to adequately address the underlying issues, resulting in its receipt of a Not Approvable Letter, announced May 9, 2023 (¶148).

The Not Approvable Letter informed Defendants that the application could not be approved 'as-is' because of significant deficiencies and outlined specific guidance as to how it may be amended and resubmitted. ¶¶130, 148. Notably, Not Approvable Letters are preceded by a Major Deficiency Letter which provides the applicant (*i.e.*, SeaStar) with an opportunity to address the FDA's concerns and resolve all deficiencies via an interactive review. ¶131. Either event triggers a hold of the review process pending a complete response, which once received and accepted by the FDA, constitutes a major amendment, restarting the review with a new 75-day response time. ¶¶128-132.

Following the Not Approvable Letter, Defendants continued their pursuit of FDA approval, submitting a complete response on June 9, 2023—making the response due on or around August 23, 2023. ¶138. However, as evident by the subsequent application

history (additional amendments on September 26, October 17, and October 25, 2023) (*id.*) and ultimately, SeaStar's receipt of the Approvable Letter on October 30, 2023, Defendants continued to fall short on addressing the FDA's concerns and the application remained deficient. ¶¶126-27, 155-59. Indeed, it took SeaStar ten additional amendments between December 8, 2023 and February 21, 2024, to achieve FDA approval (¶138)—a full year later than Defendants' repeated target completion and commercialization.

Considering the Complaint in its entirety, Plaintiffs plausibly allege Defendants' omission of these significant contemporaneous "facts bearing on possible delays in FDA approval," R&R at 18 (quoting *Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110, 1129 (C.D. Cal. 2005)), rendered the HDE Statements actionable because "there was a 'substantial likelihood' that disclosure of the omitted facts would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information available." *Yanek*, 388 F. Supp. 2d at 1129 (finding "We are extremely pleased with the panel's recommendation and vote of confidence and look forward to working with the FDA staff to complete the review of the ICL"; and "We look forward to the commercialization of the ICL in the U.S." misleading where defendants omitted receipt of FDA notice identifying deficiencies, "facts suggesting a possible delay in approval"); *Level 3*, 667 F.3d at 1342 (finding statements of being "'ahead of plan' and 'under budget' in October" misleading where December report showed it "had spent less than half of the money budgeted").

### C.    The R&R Erred in Finding Plaintiffs Did Not Adequately Allege Scienter

Judge O'Hara erred in finding Plaintiffs did not adequately allege scienter by failing to construe facts in the light most favorable to Plaintiffs and incorrectly weighing competing inferences in Defendants' favor. R&R at 20-26. Courts must "accept[ ] all well-pleaded factual allegations in the complaint as true and constru[e] them in the light most

favorable to the plaintiff." *Indiana Pub. Ret. Sys. v. Pluralsight, Inc.,* 45 F.4th 1236, 1261 (10th Cir. 2022). To plead a "strong inference," a plaintiff must plead facts "rendering an inference of scienter *at least as likely as* any plausible opposing inference." *Tellabs*, 551 U.S. at 310-11 (emphasis in original). "If both inferences appear to be comparatively equal, then the complaint sufficiently pleads scienter. In other words, a tie goes to the plaintiff." *Anderson v. Spirit AeroSystems Holdings, Inc.,* 105 F. Supp. 3d 1246, 1262 (D. Kan. 2015), *aff'd*, 827 F.3d 1229 (10th Cir. 2016).

Finding it "possible that false or misleading statements were made by Defendants with knowledge (at the time)," R&R at 23, the Recommendation improperly reads facts against Plaintiffs to negate scienter, like: (1) "the FDA's approval of the application on February 21, 2024" — which occurred a full year later than projected and only after FDA's repeated call for more information prompting 32 amendments, a Not Approvable Letter, and an Approvable Letter;[2] (2) "the transparency by the Defendants through the process including its issuance of multiple press releases to announce its [ ] FDA application-related deficiencies" — referencing the alleged corrective disclosures and misstatements that continued to conceal the severity of the deficiencies and prospects of timely approval; and (3) "Plaintiff's implicit acknowledgment that amendments to FDA applications are a part of the process" — omitting allegations that each amendment, prompted by repeated FDA concerns, suggested possible delay in approval. *Id*. at 22-23; *see also* Section III.B., *supra*. And even if Defendants continuously believed in the ultimate viability of approval,

---

[2] The Recommendation incorrectly concludes that the Complaint fails to properly allege non-public communications between Defendants and the FDA suggestive of approval delay because "no such communications are included as part of the [Complaint]." R&R at 22 n. 10-11. The PSLRA "does not require pleading all of the evidence and proof thereunder supporting a plaintiff's claim," nor does it "purport to move up the trial to the pleadings stage." *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1101 (10th Cir. 2003).

good intentions supporting the overarching endeavor do not preclude the possibility of recklessness along the way. *See, e.g., In re Biovie Inc. Sec. Litig*., No. 3:24-CV-00035-MMD-CSD, 2025 WL 947667, at *19 (D. Nev. Mar. 27, 2025).

For the Accounting Statements, the Recommendation relied on *In re Gold Res. Corp. Sec. Litig.,* 776 F.3d 1103, 1113 (10th Cir. 2015), for the proposition that "allegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim." In *Gold Res.*, the court compared the facts in *Adams*, concluding that the plaintiff had not identified "other particularized facts" indicative of scienter like "a key operation of the company was losing money, [the defendant executives] knew that fact, and [they] falsely reported a profit for it." 776 F.3d at 1113 (quoting *Adams*, 340 F.3d at 1106). There, the accounting misstatements amounted to only 16% of defendant's net income for one quarter, and the record indicated that "the relevant personnel separated by nearly 2,000 miles and international borders" "did not immediately tell executives in Denver when they became aware of the variances … because they thought the buyers' figures were wrong." *Id*. at 1114-16. As explained in Plaintiffs' opposition, the misapplication of ASC 815 here caused SeaStar to overstate its total assets by 36% while also understating its total liabilities by nearly 200% and shareholder deficit by almost 250% for two years. ECF 42 at 27. And the record here supports a cogent inference of at least deliberate indifference by the Defendants to the likelihood that SeaStar's financial disclosures were misleading. *See id.* at 26-29; *e.g. In re SandRidge Energy, Inc. Sec. Litig*., No. CIV-12-1341-W, 2017 WL 3309758, at *16-18 (W.D. Okla. Aug. 1, 2017).

## IV.    CONCLUSION

For the foregoing reasons, the Court should reject the Recommendation.

10

Dated: March 13, 2026                    Respectfully submitted,

                                         LEVI & KORSINSKY, LLP


                                         */s/ Adam M. Apton*
                                         Adam M. Apton
                                         Devyn R. Glass
                                         33 Whitehall Street, 27th Floor
                                         New York, New York 10004
                                         Tel.: (212) 363-7500
                                         Fax: (212) 363-7171
                                         Email: aapton@zlk.com
                                                 dglass@zlk.com

                                         *Attorneys for Lead Plaintiff and*
                                         *Lead Counsel for the Class*

11

## CERTIFICATE OF COMPLIANCE

I, Adam M. Apton, hereby certify that the foregoing brief complies with the page limitation requirements set by the Court's Civil Practice Standard 72.3(c), allowing 10 pages of briefing.

/s/ Adam M. Apton
Adam M. Apton