# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01873-RMR-TPO

FORREST A K WELLS, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

SEASTAR MEDICAL
HOLDING CORPORATION,
ERIC SCHLORFF, and
CARYL BARON,

      Defendants.

**Oral Argument Requested**

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ......................................................................................................... 1

ARGUMENT ............................................................................................................... 2

I.      STANDARD ..................................................................................................... 2

II.     THE R&R CORRECTLY RECOMMENDS THAT THE
        COURT TAKE JUDICIAL NOTICE OF CERTAIN DOCUMENTS. ...................... 3

III.    THE R&R CORRECTLY FINDS CERTAIN
        HDE STATEMENTS TO BE IMMATERIAL. ....................................................... 3

        A.      The R&R Correctly Finds That Alleged References
                To "June 2022" Instead Of July 1, 2022 Are Immaterial............................ 3

        B.      The R&R Correctly Finds That Certain HDE Statements
                Are Non-Actionable Statements Of Corporate Optimism........................... 4

IV.     THE R&R CORRECTLY FINDS THAT
        PLAINTIFF FAILS TO ALLEGE FALSITY. ....................................................... 5

V.      THE R&R CORRECTLY FINDS THAT PLAINTIFF
        FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER.............................. 7

        A.      The R&R Correctly Finds That Plaintiff Fails
                To Plead Scienter As To The HDE Statements. ....................................... 7

        B.      The R&R Correctly Finds That Plaintiff Fails To
                Plead Scienter As To The Accounting Statements. .................................. 8

VI.     PLAINTIFF DOES NOT OBJECT TO THE
        R&R'S OBSERVATION THAT THE PSLRA'S
        SAFE-HARBOR PROVISION ALSO SUPPORTS
        DISMISSAL OF CLAIMS BASED ON HDE STATEMENTS. .............................. 9

CONCLUSION ......................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Kinder-Morgan, Inc.*,
340 F.3d 1083 (10th Cir. 2003) .............................................................................. 5, 6

*Andropolis v. Red Robin Gourmet Burgers, Inc.*,
505 F. Supp. 2d 662 (D. Colo. 2007) ......................................................................... 4

*Better v. YRC Worldwide Inc.*,
2012 WL 4433500 (D. Kan. Sept. 25, 2012) .............................................................. 5

*City of Phila. v. Fleming Cos., Inc.*,
264 F.3d 1245 (10th Cir. 2001) .................................................................................. 4

*Heiner v. Watford*,
2023 WL 2824288 (D. Colo. Mar. 27, 2023) ................................................... 2, 3, 4, 6

*In re Gold Res. Corp. Sec. Litig.*,
776 F.3d 1103 (10th Cir. 2015) ............................................................................... 7, 9

*In re Molson Coors Beverage Co. Secs. Litig.*,
2020 WL 13499995 (D. Colo. Dec. 2, 2020) .............................................................. 9

*In re Sprint Corp. Sec. Litig.*,
232 F. Supp. 2d 1193 (D. Kan. 2002) ........................................................................ 5

*Summers v. State of Utah*,
927 F.2d 1165 (10th Cir. 1991) .................................................................................. 2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) .................................................................................................... 7

*United States v. One Parcel of Real Prop.*,
73 F.3d 1057 (10th Cir. 1996) .................................................................................... 2

**STATUTES**

15 U.S.C. § 78u-5(c) ...................................................................................................... 2

15 U.S.C. § 78t(a) .......................................................................................................... 1

15 U.S.C. § 78j(b) ........................................................................................................... 1

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

OTHER AUTHORITIES

Fed. R. Civ. P. 72(b)................................................................................................ 1, 2

**PRELIMINARY STATEMENT**[1]

While it is unsurprising that Plaintiff disagrees with the Recommendation's (Dkt. 46) ("R&R") determination that this action should be dismissed, his Objections provide no basis for the Court to conclude otherwise. Rather, they merely regurgitate Plaintiff's infirm factual allegations and misconstrue the R&R's legal analysis. The Objections should be overruled and this action should be dismissed.

**BACKGROUND**

Plaintiff's Amended Class Action Complaint (Dkt. 29) (the "Complaint" or "AC") alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making two categories of material misstatements and omissions: (1) statements regarding the prospects and timing of the Food and Drug Administration's ("FDA") potential approval of SeaStar's medical device under the FDA's Human Device Exemption (the "HDE Statements"); and (2) statements certifying that SeaStar's financial disclosures (later restated) complied with Generally Accepted Accounting Principles (the "Accounting Statements").

On May 5, 2025, Defendants filed a Motion to Dismiss the Complaint (Dkt. 33) (the "Motion to Dismiss" or "MTD") and a Request for Judicial Notice (Dkt. 34) (the "RJN"). On February 27, 2026, United States Magistrate Judge Timothy P. O'Hara issued the R&R, recommending that the RJN be granted in part (R&R at 2–4) and that the Motion to

---

[1] Pursuant to Federal Rule of Civil Procedure 72(b), Defendants SeaStar Medical Holding Corporation ("SeaStar" or the "Company"), Eric Schlorff, and Caryl Baron (the "Individual Defendants") (together with SeaStar, "Defendants") hereby respectfully submit this response to Lead Plaintiff Raffi Khajerian's ("Plaintiff") Objections to the Recommendation of United States Magistrate Judge (Dkt. 47) (the "Objections" or "Objs.").

Dismiss be granted in its entirety (R&R at 17–28).  In support of dismissal, the R&R finds: (a) with respect to certain HDE Statements, the Complaint fails to allege materiality (*id.* at 18–19); (b) with respect to the remaining HDE Statements, the Complaint fails to allege falsity (*id.* at 19–20); (c) with respect to all HDE Statements, the Complaint fails to plead scienter (*id.* at 20–24); and (d) with respect to the Accounting Statements, the Complaint fails to plead scienter (*id.* at 25–26).[2]

Plaintiff does not challenge the R&R's recommendations with respect to the RJN. It argues, however, that Judge O'Hara improperly recommends dismissal.  As set forth below, none of Plaintiff's Objections to the R&R has merit.

## ARGUMENT

## I.    STANDARD

"Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to." *Heiner v. Watford*, 2023 WL 2824288, at *1 (D. Colo. Mar. 27, 2023).  "An objection is proper only if it is sufficiently specific 'to focus the district court's attention on the factual and legal issues that are truly in dispute.'" *Id.* (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).  "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Id.* (quoting *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).

---

[2] The R&R also notes that the safe-harbor provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-5(c), "likely would provide an additional reason to support dismissal as it relates to many of the [HDE Statements]." *Id.* at 24–25.

**II.    THE R&R CORRECTLY RECOMMENDS THAT THE**
**COURT TAKE JUDICIAL NOTICE OF CERTAIN DOCUMENTS.**

Plaintiff finds no error in the R&R's recommendation that the Court take judicial
notice of Defendants' Exhibits A–P, R, and V–Y.  R&R at 3.  Given the absence of an
objection, the Court may review this recommendation "under any standard it deems
appropriate."  *Heiner*, 2023 WL 2824288, at *1.  Regardless of the standard applied, the
recommendation is fully supported under 10th Circuit law and should be adopted.  *See*
RJN; Defs' Reply In Support of Request for Judicial Notice (Dkt. 45).

**III.    THE R&R CORRECTLY FINDS CERTAIN**
**HDE STATEMENTS TO BE IMMATERIAL.**

**A.    The R&R Correctly Finds That Alleged References**
**To "June 2022" Instead Of July 1, 2022 Are Immaterial.**

Plaintiff argues the R&R erroneously finds immaterial alleged statements that
SeaStar submitted its HDE Application in "June 2022" instead of July 1, 2022.  Objs. at
3–4.  According to Plaintiff, Judge O'Hara improperly analyzed these statements
"standing alone" rather than "in the context of and together with other portions of the HDE
Statements found to be material."  *Id.*  Nothing in the R&R suggests Judge O'Hara failed
to consider the context in which these statements were made.  Rather, he found
materiality lacking because "Plaintiff makes no explanation how this discrepancy would
have impacted a reasonable investor's decision-making" (R&R at 19), a logically
unassailable point that Plaintiff does not address.  This Objection thus attacks a
nonexistent flaw and fails to challenge the actual basis for the R&R's finding.

Independent of Plaintiff's failure, the Recommendation's finding of immateriality is
fully supported by controlling 10th Circuit law and decisions of this District.  *See* MTD at

3

17; Defs.' Reply In Support of Mot. to Dismiss (Dkt. 44) ("Reply") at 11–12; *City of Phila.
v. Fleming Cos., Inc.*, 264 F.3d 1245, 1265 (10th Cir. 2001) (statement is material only if
"a reasonable investor would consider it important in determining whether to buy or sell
stock" or if "it would have significantly altered the total mix of information available . . . .");
*Andropolis v. Red Robin Gourmet Burgers, Inc.*, 505 F. Supp. 2d 662, 675 (D. Colo. 2007)
(courts will "not hesitate to dismiss securities claims . . . where the alleged misstatements
or omissions are plainly immaterial").  This Objection should be overruled.

### B.    The R&R Correctly Finds That Certain HDE Statements Are Non-Actionable Statements Of Corporate Optimism.

Plaintiff similarly argues Judge O'Hara improperly "analyzed in isolation" certain
HDE Statements in finding they constitute immaterial statements of corporate optimism—
*i.e.*, puffery.  Objs. at 4.  While unclear, Plaintiff appears to contend that Defendants'
vague expressions of optimism somehow transform into "objectively verifiable" facts when
paired with other statements.  *Id.* at 5.  This is wrong for multiple reasons.

First, the R&R's analysis is identical to the one for which Plaintiff advocates—
Plaintiff merely complains of the outcome.  For example, Plaintiff contends SeaStar's
statement regarding its "potential near-term evolution to a commercial stage company"
(AC ¶ 175) is objectively verifiable because it also stated this evolution was "driven by
potential FDA approval in our lead program[.]"  *Id.*  Far from analyzing these statements
"in isolation" (Objs. at 4), the R&R bolds, italicizes, and block quotes both of these
statements—which appear together *in a single sentence*—and finds them immaterial
because "[n]othing in *this statement*" (*i.e.*, both parts of the sentence together) "involves
an objectively verifiable matter."  R&R at 18 (emphasis added).  So too as to the other

4

statements quoted in the Objection—nothing in the R&R suggests Judge O'Hara analyzed them in isolation rather than in context.

Second, Plaintiff's assertion that the statements are objectively verifiable because they were made "in conjunction with" other HDE Statements "that provided specific dates" (Objs. at 5) lacks merit. Plaintiff cites no case law holding that the mere presence of dates in statements made "in conjunction" with other statements of "vague management-speak" (R&R at 18) render the latter material under Section 10(b). Rather, the cases cited in the Objection held that puffery was actionable because it was contradicted by negative facts the defendants concealed. *See* Objs. at 5–6 (citing *In re Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193, 1219 (D. Kan. 2002) (optimistic statements regarding pending merger actionable where they concealed, *inter alia*, that DOJ had advised it was unlikely to approve merger); *Better v. YRC Worldwide Inc.*, 2012 WL 4433500, at *6 (D. Kan. Sept. 25, 2012) (optimistic statements regarding financial health and customer satisfaction contradicted by concealed facts)). The Complaint alleges no such concealment. *See* R&R at 22 (holding Plaintiff fails to allege Defendants "were even aware" of purported deficiencies in HDE Application). This Objection should be overruled.

## IV.    THE R&R CORRECTLY FINDS THAT PLAINTIFF FAILS TO ALLEGE FALSITY.

In challenging the R&R's finding of no alleged falsity as to the remaining HDE Statements, Plaintiff merely regurgitates the Complaint's deficient allegations. Objs. at 6–8. This Objection fails. Ignored in the Objection, the R&R correctly applies the six-factor test set forth in *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1099 (10th Cir.

5

2003).[3]   Judge O'Hara uses as an example Defendants' alleged statement that "an Approvable Letter . . . is a standard part of CBER's approval process[.]"  *Id.* at 20.  And as he correctly finds, "Plaintiff never denies the accuracy of these statements.  Instead, Plaintiff suggests with no specific support, that Defendants created a false impression." *Id.*  So too for alleged statements of Defendants' "expect[ations]" regarding the FDA's review process.  *Id.*  The R&R correctly finds that falsity is insufficiently alleged.

In its rote recital of the Complaint, this Objection does not even acknowledge the *Adams* factors, let alone argue that any factors favor a finding that falsity is adequately pled.  More importantly, the Objection does not identify any well-pled allegations in the Complaint that, if true, would show (for example) that an Approvable Letter was *not* a "standard part" of the process, or that the Company did *not* hold its stated "expectations." It does not because no such well-pled allegations exist—Plaintiff's speculation regarding (unpled) negative FDA feedback and the HDE Application's purported ongoing deficiencies are unsupported by allegations of fact.  Reply at 3–5.  Without such facts, Plaintiff is left only with "conclusory [allegations] that certain statements are 'materially false and/or misleading.'"  R&R at 19 n.9.  Judge O'Hara correctly found that such allegations fail.  The Objection should be overruled.

---

[3] Those six factors are: "1) The level of detail provided by the facts in the complaint, 2) The number of facts provided, 3) The coherence and plausibility of the facts when considered together, 4) Whether the source of the plaintiff's knowledge about a stated fact is disclosed, 5) The reliability of the sources from which the facts were obtained, and 6) Any other indicia of how strongly the facts support a conclusion of reasonableness that the statements were false or misleading."  *Id.*

## V.    THE R&R CORRECTLY FINDS THAT PLAINTIFF <u>FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER.</u>

### A.    The R&R Correctly Finds That Plaintiff Fails <u>To Plead Scienter As To The HDE Statements.</u>

As a threshold matter, Plaintiff does not dispute that, if the Court adopts the R&R's conclusion that all HDE Statements are either immaterial or inadequately alleged to be false, the Court need not even consider whether they were made with scienter. R&R at 21. Should the Court nonetheless reach this Objection, it should overrule it.

First, the Objection's complaint that Judge O'Hara "incorrectly weigh[s] competing inferences in Defendants' favor" (Objs. at 8) ignores the well-established principle that, in assessing scienter, "a court *must* consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1109 (10th Cir. 2015) (emphasis added) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007)); *see also* R&R at 23 n.12 ("In [the scienter] analysis, this Court is able to consider 'other explanations' for the factual record provided by Plaintiff.") (quoting *Tellabs*, 551 U.S. at 324). The Objection's suggestion that Judge O'Hara was required to adopt *only* Plaintiff's explanations for Defendants' alleged conduct—and ignore "plausible, nonculpable explanations" (*Gold*, 776 F.3d at 1109)—runs directly counter to U.S. Supreme Court and 10th Circuit case law.

Second, the R&R correctly rejects Plaintiff's reliance upon purported "non-public FDA communications [that] raised concerns" with the HDE Application. R&R at 22 n.10; *see also id.* at 22 n.11 (finding "no such communications are included as part of the [Complaint]"). Plaintiff's complaint that this finding improperly "require[s] pleading all of

the evidence and proof . . . supporting plaintiff's claim" (Objs. at 9 n.2) misses the point.

The R&R does not fault Plaintiff for failing to provide "evidence and proof" of purported

FDA communications—rather, it correctly finds that such communications are not even

*alleged* in the Complaint. *See id.* (finding Plaintiff's Opposition to Motion to Dismiss (Dkt.

42) cites to paragraphs of Complaint that "[do] not reflect what Plaintiff suggests").

Tellingly, the Objection continues to rely upon these same unpled allegations. *See* Objs.

at 9 (arguing inference of scienter established by FDA's purported "repeated call for more

information" and amendments to HDE Application that were purportedly "prompted by

repeated FDA concerns").

Third, the Objection has no response whatsoever to the R&R's distinguishing of

Plaintiff's cited cases, finding they are "not persuasive" because they "concern more

concrete situations when a defendant made specific fact representations that were

contrary to known specific problems[.]" R&R at 23; *see also id.* ("Plaintiff cites no on-point

decision where a court found similar allegations to meet the heightened pleading standard

[for scienter]."). This Objection should be overruled.

### B. The R&R Correctly Finds That Plaintiff Fails To Plead Scienter As To The Accounting Statements.

Plaintiff's challenge to the R&R's finding that scienter is insufficiently pled as to the

Accounting Statements ignores the vast majority of Judge O'Hara's analysis. In support

of its conclusion, the R&R: (a) examines case law holding that, in accounting-error

securities fraud cases, a "complex" financial principle weighs against scienter (R&R at

25); (b) carefully sets forth the facts alleged in the Complaint supporting competing

inferences for and against scienter (*id.* at 26); (c) finds that, on balance, the facts weigh

more heavily against a finding of scienter (*id.*); and (d) compares the Complaint to a 10th Circuit case affirming dismissal of a Section 10(b) claim based on an accounting error (*id.* (citing *Gold*, 776 F.3d at 1109)).

The Objection oddly ignores the first three points above and attempts only to distinguish the 10th Circuit case.  Objs. at 10.  But even in this limited critique, the Objection fails, noting only a single factual difference between the two actions.  *See id.* (citing allegations purportedly showing the financial impact of SeaStar's alleged accounting error was more significant than that in *Gold*).  This one distinction does not undermine the opinion's central holding that, in accounting-error cases, the plaintiff must plead "that the violations or irregularities were the result of the defendant's fraudulent intent to mislead investors."  R&R at 25 (quoting *Gold*, 776 F.3d at 1113).  And in any event, the magnitude of an accounting error alone does not support scienter.  *See, e.g.*, *In re Molson Coors Beverage Co. Secs. Litig.*, 2020 WL 13499995, at *5–6 (D. Colo. Dec. 2, 2020) (no scienter even if error had "significant financial magnitude"; in fact, magnitude "implies complexity in the application of technical tax-accounting principles" and "could also reflect nothing other than [an] accounting error").  This Objection should be overruled.

## VI.    PLAINTIFF DOES NOT OBJECT TO THE R&R'S OBSERVATION THAT THE PSLRA'S SAFE-HARBOR PROVISION ALSO SUPPORTS DISMISSAL OF CLAIMS BASED ON HDE STATEMENTS.

Finally, the R&R states that, while it need not analyze whether the HDE Statements are protected by the PSLRA's safe-harbor provision for forward-looking statements (because dismissal is already warranted for several other reasons), it notes that "this provision likely would provide an additional reason to support dismissal as it relates to

many of the statements made by Defendant." R&R at 25; *see also* MTD at 7–12, Reply at 6–8. The Objection makes no attempt to argue otherwise. Should the Court reach this issue, it should adopt the R&R's view that the safe-harbor provision also supports dismissal of Plaintiff's claims based on the HDE Statements.

**CONCLUSION**

For the foregoing reasons, the Objections should be overruled. The R&R should be adopted, and the Complaint should be dismissed.[4]

---

[4] The Objection does not challenge the R&R's recommendation that Plaintiff's Section 20(a) claim be dismissed in the absence of a valid underlying Section 10(b) claim. R&R at 26–27. This aspect of the R&R should also be adopted for the reasons stated therein. *Id.*

Dated: March 27, 2026              Respectfully submitted,


MORRISON & FOERSTER LLP

*/s/ Nicole K. Serfoss*
Nicole K. Serfoss
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
Tel: (303) 592-2246
nserfoss@mofo.com

and

MORGAN, LEWIS & BOCKIUS LLP

Michael D. Blanchard
Christopher M. Wasil
One State Street
Hartford, CT 06103
Tel: (860) 240-2700
michael.blanchard@morganlewis.com
christopher.wasil@morganlewis.com

*Attorneys for Defendants SeaStar Medical Holding
Corporation, Eric Schlorff, and Caryl Baron*

11

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on this 27th day of March 2026, I filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nicole K. Serfoss*

Nicole K. Serfoss