**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 24-cv-01873-RMR-TPO

FORREST A K WELLS,
individually and on behalf of all others similarly situated,

      Lead Plaintiff,

v.

SEASTAR MEDICAL HOLDING CORPORATION,
ERIC SCHLORFF, and
CARYL BACON,

      Defendants.

---

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Timothy O'Hara, entered on February 27, 2026 (ECF No. 46), addressing the Defendants' Motion to Dismiss (ECF No. 33) and Defendants' Request for Judicial Notice (ECF No. 34). Magistrate Judge O'Hara recommends granting the Motion to Dismiss (ECF No. 33) and granting in part the Request for Judicial Notice (ECF No. 34). Plaintiff timely filed his Objection, ECF No. 47, and Defendants filed their Response, ECF No. 48. The Court has reviewed the Recommendation, Objection, Response, and the record. For the reasons stated below, the Court overrules Plaintiff's Objection and adopts the Recommendation.

## I.    BACKGROUND

This is a federal securities class action lawsuit brought on behalf of a class consisting of all persons or entities who purchased or otherwise acquired SeaStar securities between October 31, 2022 and April 26, 2024. ECF No. 29 at 4. Defendants developed and commercialized the Selective Cytopheretic Device ("SCD"). ECF No. 46 at 4. On July 1, 2022, SeaStar's predecessor company, SeaStar Legacy, submitted the Human Device Exemption ("HDE") Application to the Food and Drug Administration ("FDA"). *Id.* at 5. The FDA accepted the HDE Application for review on July 13, 2022. *Id.*

On April 21, 2022, LMAO and SeaStar Legacy entered into an Agreement and Plan of Merger. *Id.* The merger was consummated on October 28, 2022, and the new company, Defendant SeaStar began publicly trading on NASDAQ three days later. *Id.* Defendant Eric Schlorff and Defendant Caryl Baron were named SeaStar's CEO and interim CFO, respectively. ECF No. 33 at 11. Plaintiffs allege Defendants violated §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 by making a series of false and/or materially misleading statements during the Class Period relating to: (1) SeaStar's compliance with applicable accounting standards, internal controls over financial reporting, and financial condition ("Accounting Statements"); and (2) SeaStar's HDE application for marketing approval of the SCD, including its submission date, the expected date for review completion and commercial launch, and SeaStar's interactions with the FDA concerning the application ("HDE Statements"). ECF No. 47 at 5.

The "Class Period" began on October 31, 2022 when Defendant SeaStar issued its first press release announcing it had submitted an HDE Application for its SVD device

for use with pediatric patients. ECF No. 46 at 5. In that press release, Defendant SeaStar highlighted "Upcoming Expected Value-Driving Milestones," including FDA approval under HDE in Q1 of 2023 and commercial launch of SCD for pediatric acute kidney injury in Q2 of 2023. *Id.* at 6.

On November 3, 2022, Defendant SeaStar stated in a press release that it expected the FDA to complete a substantive review of its HDE application in the first quarter of 2023 and potential commercial launch expected in the second quarter of 2023. *Id.* Subsequent press releases repeated these expectations. *Id.* The December 2, 2022 press release also mentioned that SeaStar" remains on a trajectory of growth including near-term potential for commercialization." *Id.* The January 9, 2023 press release added that "[t]he FDA has demonstrated continued support in the SCD in granting breakthrough therapy status in adults and a substantive review of a HDE for pediatric AKI patients." *Id.*

On March 30, 2023, Defendant SeaStar issued both a press release and annual report to the SEC. *Id.* at 6-7. The press release described "active discussions with the FDA regarding the HDE application" and expressed hope for a "near-term determination." *Id.* at 6. The annual report to the SEC pushed the expected time frame for completion of FDA review of the HDE application by or during the first half of 2023. *Id.* at 7. Additionally, Defendants added the disclaimer that "there is no guarantee that the FDA will approve [the] HDE application." *Id.* The report also forewarned the review process could take a "significantly longer period of time" than the standard track. *Id.*

Plaintiffs allege that the March 30, 2023 SEC report was false or materially misleading because (1) Defendants submitted the HDE application on July 1, 2022 rather

than June 2022; (2) Defendant SeaStar had deficient compliance controls and procedures related to the HDE application; (3) the HDE application contained deficiencies; and (4) Defendants gave the impression that it was a 180-day review period rather than a 75-day review period. *Id.* The March 30, 2023 SEC report also contained the first accounting-related statement at issue in this case. *Id.* The Earnings Release of the report stated that "[a]t the closing of the merger agreement in October 2022, [SeaStar] entered into forward purchase agreements of shares and warrants with the potential to generate up to $10 million in proceeds, depending on the market price of shares." *Id.* Plaintiffs assert Defendants overstated SeaStar's financial position through improperly classified Private Placement Warrants, PIPE Warrants, and Forward Purchase Agreements and failed to account for all liabilities on its balance sheet. *Id.*

On May 9, 2023, Defendants issued a press release explaining that the FDA indicated that the application was not approvable in its then-current form but outlined specific guidance for amendment and successful resubmission. *Id.* at 8. The next day, SeaStar's stock price dropped 40% down to $1.17. *id.* The May 15, 2023 press release restated the status of the HDE application, and Defendants indicated they were working with the FDA to target approval in late 2023. *Id.*

On August 14, 2023, Defendants filed a quarterly report with the SEC detailing the financial and operating results for the second quarter of 2023. *Id.* Plaintiffs allege this report improperly stated SeaStar's financial statements failed to account for liabilities on its balance sheet, which materially overstated the company's financial well-being. *Id.*

4

On October 3, 2023, Defendants issued a press release stating it received indication from the FDA that the HDE application was "to be approvable" for pediatric use. *Id.* at 8-9. Defendants noted this to be an "important milestone" and anticipated market approval by the end of 2023. *Id.* at 9. Plaintiffs contend these statements created the misleading impression that the product was indeed moving toward market approval. *Id.* Later, on October 30, 2023, Defendants issued a press release reporting receipt of the Approvable Letter from the FDA. *Id.* Defendants also reset the expected endpoint of "by the end of 2023 or 1Q24." *Id.* Plaintiffs allege stock prices dropped 20% between October 27, 2023 and October 31, 2023. *Id.*

The FDA approved Defendants' HDE application on February 21, 2024. *Id.* On March 27, 2024, Defendants issued a press release announcing the restatement of Defendant SeaStar's financial reports for the full year of 2022 and first three quarters of 2023. *Id.* The restatement would change the classification of certain warrants and the prepaid forward purchase arrangement. *Id.* Defendants explained the restatement was not expected to have a material impact on the business operation or cash position. *Id.* Plaintiffs argue the accounting restatement notice caused yet another drop in SeaStar's stock, down to $0.71. *Id.* at 10.

On April 17, 2024, Defendants issued new financial statements for the 2023 fiscal year. *Id.* According to Plaintiffs, this report shows the accounting restatement had a larger impact on SeaStar's financial reporting beyond what was previously disclosed in the March 2024 press release. *Id.* Plaintiffs allege this caused another stock price drop to $0.54. *id.* For the purposes of this action, the Class Period ends on April 16, 2024. *Id.*

Plaintiffs brings two counts for relief. *Id.* Count I alleges that all three Defendants violated 15 U.S.C. § 78j(b) (Section 10(b) of the Securities Exchange Act ("SEC")) and SEC's companion regulation, Rule 10b-5, by (1) making a series of false and/or materially misleading statements during the Class Period that (2) deceived the Class Members into buying SeaStar stock that was artificially inflated. *Id.* Plaintiffs assert the Individual Defendants did so with actual knowledge of the falsity of the statements or with reckless disregard of the truth. *Id.*

Count II alleges the Individual Defendants violated 15 U.S.C. § 78t(a) (Section 20(a) of the SEC). *Id.* In order to state a prima facie Section 20(a) claim, Plaintiff must establish a primary violation and Individual Defendants' control over the primary violator. *Id.* at 11 (citing *In re Molson Coors Beverage Co. Sec. Litig.*, No. 119CV00455DMEMEH, 2020 WL 13499995, at *13 (D. Colo. Dec. 2, 2020)). Defendants move to dismiss both counts.

## II.    LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

### III.    ANALYSIS

### A.  Defendants' Request for Judicial Notice (ECF No. 34)

Defendants request the Court consider and take judicial notice of the contents of documents attached to Declaration of Nicole K. Serfoss filed in support of Defendants' Motion to Dismiss Amended Class Action Complaint. ECF No. 34 at 1. Plaintiffs separate these submitted documents into three groups: (1) Exhibits A-P, R, and V-Y, (2) Exhibits

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

S-U, and (3) Exhibit Q. ECF No. 46 at 2. The Recommendation determines that the Exhibits in the first group were referenced in the Amended Class Action Complaint ("FAC"). *Id.* at 2-3. The remaining Exhibits in groups two and three were not incorporated by reference in the FAC. *Id.* at 3. Therefore, Magistrate Judge O'Hara recommends granting Defendants' Request for Judicial Notice ("Request") with respect to Exhibits A-P, R, and V-Y and denying the Request with respect to Exhibits Q and S-U. Neither party objects to this portion of the Recommendation. The Court finds no clear error in the Recommendation's analysis regarding Defendants' Request. Therefore, the Court accepts and adopts the Recommendation with respect to the Request.

### B. Defendants' Motion to Dismiss (ECF No. 33)

The Recommendation outlines the elements of a securities fraud claim under § 10(b) and Rule 10b-5 as: (1) a material misrepresentation or omission by the defendant [i.e., falsity]; (2) made with scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. ECF No. 46 at 13 (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37 (2011)). Magistrate Judge O'Hara explains that 15 U.S.C. § 78u-4(b)(2) imposes a heightened pleading standard for misleading statements and requires a plaintiff (a) specify each misleading statement; (b) explain why each statement is misleading; and (3) if plaintiff relies on information and belief, then the plaintiff must state with particularity all facts on which that belief is formed. *Id.* at 13-14. Additionally, to successfully plead scienter, a plaintiff must "plead with particularity facts which taken on the whole give rise to a strong inference that the defendant acted

with . . . intent to deceive, manipulate, or defraud." *Id.* (citing *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1109 (10th Cir. 2015)). "Negligence, even gross negligence, is not sufficient." *Id.* (citing *Gold Res.*, 776 F.3d at 113).

Magistrate Judge O'Hara points out formatting deficiencies in Plaintiff's pleadings, particularly that Plaintiff fails to identify the specific statements that are allegedly false or misleading. *Id.* at 15-18. The Recommendation preliminary finds Plaintiff's FAC as a whole fails to comply with the general pleading requirements of Fed. R. Civ. P. 8 and the Private Securities Litigation Reform Act ("PSLRA"). *Id.* at 18 (citing *Abady v. Lipocine Inc.*, No. 2:19-CV-00906, 2023 WL 2938210, at *13 (D. Utah Apr. 13, 2023)). Plaintiff does not object to this finding. Instead, Plaintiff argues the Recommendation erred in finding (1) certain HDE statements immaterial; (2) Plaintiffs did not adequately allege falsity; and (3) Plaintiffs did not adequately allege scienter. The Court addresses each objection below.

### 1. Materiality

Plaintiffs argue that Defendants' references to a June 2022 submission date, instead of the correct July 1, 2022 date, constitute a material difference. ECF No. 47 at 7. Plaintiffs concede that Defendants' references to a June 2022 submission were not sufficiently false or misleading standing alone. *Id.* (citing *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 838 F.Supp.2d 1148, 1161 (D. Colo. 2012)). However, they contend that "when taken together in context, a reasonable investor would consider the undisputed discrepancy . . . important in deciding whether to invest in a company whose entire strategy and valuation depended on the timely approval and commercial launch of SCD." *Id.* at 8. Plaintiffs believe the FAC establishes an issue of fact regarding materiality

of this information to survive Rule 12(b)(6). *Id.* (citing *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1192 n. 13 (10th Cir. 2003)).

Plaintiffs' arguments do not overcome the deficiencies identified by Magistrate Judge O'Hara. The Recommendation states "Plaintiff makes no explanation how this discrepancy would have impacted a reasonable investor's decision-making." ECF No. 46 at 19. In response, Plaintiffs repurpose Magistrate Judge O'Hara's words to formulate a conclusory allegation without specificity or support. Therefore, the Court overrules Plaintiff's objection regarding the materiality of Defendants' references to a June 2022 submission date.

Next, Plaintiffs object to the Recommendation's finding that the statements from the October 31, 2022 press release, FY22 Earnings Release – Part II, and May 15, 2023 Press Release are immaterial. ECF No. 47 at 8-9; ECF No. 46 at 18-19. Again, Plaintiffs' objection does not resolve the fundamental issue. Magistrate Judge O'Hara found immateriality because Plaintiff's identified statements were "general forward-looking" and "indicative of management-speak. ECF No. 46 at 18. Additionally, the statements "provide no dates or specific information that could be verified." *Id.* Plaintiffs agree with the Recommendation's reliance on *Level 3* in finding immateriality for vague statements. ECF No. 47 at 8 (citing *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1339-40 (10th Cir. 2012)). However, Plaintiffs assert that *Level 3* also found certain "particularly concrete" statements material, such as the "majority" of the integration was complete, "ahead of plan," and "under budget." *Id.* (citing *Level 3*, 667 F.3d at 1340). Plaintiffs list the statements they deem material, ECF No. 47 at 9, but none of these statements parallel

the particularly concrete statements from *Level 3*. Plaintiffs' identified statements include language such as "now targeting," "continued active discussions," "remaining hopeful," and "focusing on executing near-term milestones." These statements are general, forward-looking statements that are not measurable to actual business metrics, unlike "ahead of plan" or "under budget." Therefore, they remain in the category of vague statements *Level 3* found immaterial. Accordingly, the Court overrules Plaintiffs' objection regarding materiality of Defendants' statements.

### 2. Falsity

As explained above, 15 U.S.C. § 78u-4(b)(2) imposes a heightened pleading standard for false or misleading statements. Courts examine the following factors to determine if a plaintiff has demonstrated sufficient evidence of false or misleading statements: (1) the level of detail provided by the facts in the complaint; (2) the number of facts provided; (3) the coherence and plausibility of the facts when considered together; (4) whether the source of the plaintiff's knowledge about a stated fact is disclosed; (5) the reliability of the sources from which the facts were obtained; and (6) any other indicia of how strongly the facts support a conclusion of reasonableness that the statements were false or misleading. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1099 (10th Cir. 2003).

Magistrate Judge O'Hara determines that Plaintiffs do not deny the accuracy of Defendants' statements and instead suggest, with no specific support, that Defendants created a false impression. ECF No. 46 at 20. He finds that Plaintiffs' assertions regarding the press releases, FY22 Earnings Release, and 2022 10-K do not pass the *Adams* factors. *Id.* Plaintiffs argue Defendants' statements were "false or misleading when made

because they omit significant contemporaneous facts about SeaStar's HDE application, the FDA's repeated guidance for additional information to address identified deficiencies, resulting in numerous amendments needed, and ultimately SeaStar's receipt of a Not Approvable Letter and subsequent Approvable letter, all rendering the anticipated dates for review completion and commercialization improbable and bolstering an inaccurate impression about the strength of the application and the likelihood of timely approval." ECF No. 47 at 10-11. Again, rather than directly address the Recommendation's findings, Plaintiffs merely restate their allegations and suggest Defendants created a false impression.

Plaintiffs attempt to analogize this case to *Yanek*, alleging "there was a substantial likelihood that disclosure of the omitted facts would have been viewed by the reasonable investor as having significantly altered the total mix of information available." ECF No. 47 at 12 (citing *Yanek v. Staar Surgical Co.*, 388 F.Supp.2d 1110, 1129 (C.D. Cal. 2005)). However, in *Yanek*, the statements at issue "omitted mention of the Form 483," which detailed "'significant objectionable conditions' observed during the inspection." 388 F.Supp.2d at 1119, 1129. Here, Plaintiffs do not allege Defendants failed to disclose complete forms or documentation. At most, Plaintiffs' complaints relate to multiple amendments and resulting delays in the FDA approval process. Ultimately, none of these complaints demonstrate Defendants' statements were false or misleading to establish a plausible securities fraud claim. Therefore, the Court overrules the Objection and adopts the Recommendation regarding the falsity of Defendants' statements.

### 3. Scienter

Finally, Plaintiffs reject the Recommendation's finding that they did not adequately allege scienter. ECF No. 47 at 12. Plaintiffs take issue with the Recommendations conclusion that the FAC fails to properly allege non-public communications. *Id.* at 13 n.2. Rather than identify statements that demonstrate scienter, Plaintiffs restate the statements the Recommendation found did not suggest scienter. *Id.* at 13.

To successfully plead scienter, a plaintiff must "plead with particularity facts which taken on the whole give rise to a strong inference that the defendant acted with . . . intent to deceive, manipulate, or defraud." *Gold Res.*, 776 F.3d at 1109. "Negligence, even gross negligence, is not sufficient." *Id.* at 113. The statements identified by Plaintiffs do not show state of mind at all, much less intent to deceive, manipulate, or defraud. Plaintiffs suggest that *Gold Res.* is not relevant, because the accounting misstatements in *Gold Res.* only amounted to 16% of defendant's net income for one quarter. ECF No. 47 at 14. According to Plaintiffs, SeaStar "overstate[d] its total assets by 36% while also understating its total liabilities by nearly 200% and shareholder deficit by almost 250% for two years. *Id.* (citing Plaintiffs' Opposition to Defendants' Motion to Dismiss). Even assuming these figures are correct, they still fail to establish the requisite state of mind to successfully plead scienter. Therefore, the Court overrules Plaintiffs' Objection to the Recommendation regarding scienter.

## IV.     CONCLUSION

Accordingly, it is **ORDERED** as follows:

1)  The Recommendation of the United States Magistrate Judge (ECF No. 46) is

    **ACCEPTED and ADOPTED**;

2)  Defendants' Request for Judicial Notice (ECF No. 34) is **GRANTED IN PART**

    with respect to Defendants' Exhibits A-P, R, and V-Y and **DENIED IN PART**

    with respect to Defendants' Exhibits Q and S-U;

3)  Defendants' Motion to Dismiss (ECF No. 33) is **GRANTED;** and

4)  Plaintiffs' Count I and Count II are **DISMISSED WITHOUT PREJUDICE**.


DATED:  March 30, 2026

                                        BY THE COURT:

                                        _____
                                        REGINA M. RODRIGUEZ
                                        United States District Judge